### THE POLICE JURY OF WEST BATON ROUGE v. A. CROSELY.

The recording of the *proces verbal* of adjudication of work to be done on the road and levee, without giving the name of the proprietor or a description of the land, will not create a privilege on the land on which such work is done.

APPEAL from the District Court of the Parish of West Baton Rouge, *Beale, J.* H. M. *Favrot*, for plaintiff and appellant. D. N. *Barrow*, for defendant.

COLE, J. In the year 1849, plaintiff caused the work to be done on the road and levee of land of defendant to be sold at public auction, and it was adjudicated to one *Marcelin Major*.

The land was supposed to belong to one *Wethersby*, and the notices required in the proceeding for the sale of the work were addressed to him.

The *proces verbal* of adjudication of the work declared that the work adjudicated was to be done upon "land belonging or said to belong to the estate of *Dr. Wethersby*, deceased."

The parish having paid *Major* for the work done by him according to the price of adjudication, now claims a privilege by virtue of the recording of the *proces verbal* of adjudication, and asks to have the land seized and sold to satisfy the privilege for the amount paid by it.

There was judgment for defendant and plaintiff has appealed.

It is clear that the recording of the *proces verbal* cannot give any privilege upon the land of the defendant, *Crosevy*, for neither his name nor a description of the land are given. This is not an action on a *quantum meruit*, and if it were, it could not be maintained, for there was neither personal service nor attachment of property.

The District Court properly dismissed the suit.

Judgment affirmed, with costs.